**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|                                         |     |                               |
|-----------------------------------------|-----|-------------------------------|
| COLLINS OMONDI NYABWA,                  | §   |                               |
| (A#87029259)                            | §   |                               |
|                                         | §   |                               |
| Petitioner,                             | §   |                               |
|                                         | §   |                               |
| vs.                                     | §   | CIVIL ACTION NO. H-12-2518    |
|                                         | §   |                               |
| DEPARTMENT OF HOMELAND                  | §   |                               |
| SECURITY,                               | §   |                               |
|                                         | §   |                               |
| Respondent.                             | §   |                               |

## ORDER

The petitioner moves for the appointment of counsel on appeal to the Fifth Circuit. (Docket Entry No. 10). The petitioner filed a notice of appeal of this court's judgment on November 7, 2012. (Docket Entry No. 8).

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), except to aid the appeal. *Ross v. Marshall,* 726 F.3d 745, 751 (5th Cir. 2005). *See also, Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994) (stating that, "[g]enerally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)."). Because the issue of whether the court should appoint counsel to assist the petitioner in prosecuting his appeal is an "action in aid of the appeal," the district court retains jurisdiction to consider the petitioner's motion. *See id.*

Noncapital defendants do not have a right to appointed counsel in federal habeas corpus

proceedings.  *McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (finding that the right to appointed counsel extends to the first appeal of right and no further).  A prisoner has no right to counsel during postconviction proceedings.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

The petitioner in this case has filed articulate, well-reasoned pleadings.  The record does not show that appointment of counsel is necessary at this stage.  The petitioner's motion for counsel on appeal, (Docket Entry No. 10), is denied.

SIGNED on December 19, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge